In the Matter of HERBERT S. VOGEL, an Attorney, Respondent.

First Department, October 29, 1937.

S. C. Lewis of counsel [Einar Chrystie, attorney], for the petitioner.

No appearance for the respondent.

PER CURIAM. The respondent was retained to vacate a stipulation settling an action against his client. The motion to vacate was made and granted and leave given to file an answer upon condition the defendant deposit with the clerk of the court the sum of $130 with interest within five days after service of the order. Respondent's client was unable to provide the money within that time. The respondent stated he would endeavor to obtain an extension of time. He moved for and was granted such extension, thereafter receiving from his client $245.70 to be deposited with the clerk of the court. This amount he converted to his own use, falsely representing to his client that the money had been deposited with the clerk of the court and thereafter by false statements endeavored to conceal the true situation. He permitted an order punishing his client for contempt to be entered by default and

falsely stated to his client that he had settled the action for $125, whereas he had in fact settled it for $175, payable in installments. The respondent failed to pay the last installment of $75, whereupon plaintiff's attorney told respondent's client that, unless payment was made, the settlement agreement would be canceled. The client then for the first time learned the true situation. The respondent, nevertheless, continued to insist that there had been a settlement for $125, stating the plaintiff's attorney was crazy. He gave to his client his check for $120.31, the difference between the money claimed to have been deposited in the clerk's office and the amount of the alleged settlement, falsely representing that he had just obtained said money upon notification by the clerk that it had been released. The check was returned unpaid because the respondent's account had been closed. It was not until after the matter had been taken up with the respondent by the petitioner's grievance committee that an adjustment was finally made.

There are no mitigating circumstances in this case.

The respondent should be disbarred.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Respondent disbarred.